PeARSOk, O. J.
 

 It is fixed by the verdict that the statement of the defendant
 
 “
 
 as to the cause of the lameness was false, and was known by him to be so.” This concludes the question as to the
 
 scienter,
 
 and the only point open is, was there any evidence in regard to it. The distinction between
 
 any
 
 evidence and
 
 sufficient
 
 evidence, has been frequently marked out, and need not again be elaborated. This Court is of opinion there was evidence proper to be submitted to the jury. The knot on the leg of the horse would necessarily attract the notice of any one, and it was a fair and natural inference that the owner had examined into and ascertained its nature and what caused it. Any ordinary man would do this immedi
 
 *280
 
 ately; consequently, it was not indispensible to prove liow long the animal had been in the possession of the defendant, and as the knot was proved to be a ring-bone, and not the mere effect of a kick, the jury were at liberty to infer that the statement in respect to it, made by the defendant, was knowingly false. Indeed, as the defect was patent, the
 
 scienter
 
 would have been brought home to the plaintiff as well as the defendant, but for the fact, that the false statement of the latter, as to its cause was calculated to lull suspicion and prevent a thorough examination.
 

 The question which was discussed by the counsel of the defendant, i. e. : If a vendor makes a statement in respect to property which he does not know to be true, and it turns out to be untrue, is liable in an action of deceit, does not arise. That point is cut off by the verdict. There is no error.
 

 Per Curiam, Judgment affirmed.